| **Ynoa v Liberty Ave. Re 1 LLC** |
|:---:|
| 2025 NY Slip Op 30129(U) |
| January 6, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509267/2021 |
| Judge: Richard J. Montelione |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At IAS Part 99 of the Supreme Court of
the State of New York, Kings County, on
the _6TH_ day of January 2025

PRESENT: HON. RICHARD J. MONTELIONE, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99
-----------------------------------------------------------------X
DENNY YNOA,

                  Plaintiff,

      -against-

LIBERTY AVENUE RE 1 LLC and CAP CONSTRUCTION
SERVICES CORP., and JW CONTRACTING LLC,

                  Defendants.
----------------------------------------------------------------X
LIBERTY AVENUE RE 1 LLC,

                  Third-Party Plaintiff,

      -against-

JW CONTRACTING LLC,

                  Third-Party Defendant.
-----------------------------------------------------------------X

DECISION AND ORDER

Index No.: 509267/2021
Mot. Seq. 5 & 6

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| | |
| Defendant/Third-Party Plaintiff's Notice of Motion for Summary Judgment, Attorney Affirmation in Support affirmed by Vito A. Cardo III, Esq. on January 24, 2024, Exhibit A-Summons and Verified Complaint; Exhibit B-Defendant/Third-Party Plaintiff's Verified Answer; Exhibit C-Plaintiff's Bill of Particulars in Response to Defendant/Third-Party Plaintiff's Demands; Exhibit D-Defendant CAP Construction Services Corp.'s Verified Answer; Exhibit E-Plaintiff's Bill of Particulars in Response to Defendant CAP Construction Services Corp.'s Demands; Exhibit F-Third-Party Summons and Complaint; Exhibit G-Supplemental Summons and Complaint; Exhibit H-Defendant/Third-Party Plaintiff's Verified Answer to Amended Complaint; Exhibit I-Defendant CAP Construction Services Corp.'s Verified Answer to Amended Complaint; Exhibit J-Note of Issue with Affidavit of Service by Mail; Exhibit K-Deposition Transcript of Plaintiff; Exhibit L-Deposition Transcript of Liberty; Exhibit M-Deposition Transcript of CAP Construction; Exhibit N-Defendant's Exhibits A-E of April 18, 2023................................................................................................................. | 109-124 |
| | |

[* 1]

*DENNY YNOA v. LIBERTY AVE RE 1, LLC, CAP CONSTRUCTION SERVICES CORP. et al,* Index No. 509267/2021

| | |
|---|---|
| Plaintiff's Order to Show Cause for an Order Denying Summary Judgment, Attorney Affirmation in Support (corrected) affirmed by Lee Michael Huttner, Esq. on April 11, 2024, Exhibit A-Preliminary Conference Order; Exhibit B-Note of Issue; Exhibit C-E-file Confirmation Note of Issue; Exhibit D-Defendant/Third-Party Plaintiff's Notice of Motion for Summary Judgment; Exhibit E-Defendant/Third-Party Plaintiff's Affirmation in Support of Motion for Summary Judgment, Exhibit F-E-mail Notification to Defendants of Order to Show Cause..................... | 142, 131-139 |
| Plaintiff's Attorney Affirmation in Opposition to Motion for Summary Judgment affirmed by Lee Michael Huttner, Esq. on April 18, 2024; Exhibit A-Preliminary Conference Order; Exhibit B-Judge Montelione Part Rules; Exhibit C-Note of Issue; Exhibit D-E-file Confirmation for Note of Issue; Exhibit E-Order dated January 12, 2024; Exhibit F-Property Records........................ | 143-149 |
| Defendant/Third-Party Plaintiff's Reply Affirmation affirmed by Vito A. Cardo III, Esq. on April 29, 2024; Exhibit O-E-file Justice Assignment Notices................................................. | 150 |

MONTELIONE, RICHARD J., J.

This is an action to recover for personal injuries allegedly sustained by Denny Ynoa ("Plaintiff") on July 10, 2020, when a wooden construction fence fell on her while she was walking on the sidewalk of 1168 Liberty Avenue, Brooklyn, NY. Liberty Avenue Re 1, LLC ("Defendant/Third-Party Plaintiff") is the alleged owner of the property located on the corner of Liberty Avenue and Grant Street, which abuts the sidewalk where the incident took place. CAP Construction Services Corp. ("Defendant CAP") was allegedly hired by defendant/third-party plaintiff to perform exterior and interior construction work at the subject property and is alleged to have installed the wooden fencing that fell onto the plaintiff.

Now before this court is defendant/third-party plaintiff's motion for an order granting summary judgment in its favor, dismissing plaintiff's complaint and all of defendant CAP's cross-claims (MS #5). In opposition, plaintiff moved by order to show cause for an order denying summary judgment on the grounds that defendant/third-party's motion is untimely (MS #6). Therefore, the preliminary question before this Court is whether the motion for summary judgment is untimely.

Procedural History

Plaintiff commenced this action by filing a summons and verified complaint on April 20, 2021. Issue was joined by defendant/third-party plaintiff interposing a verified answer with cross-claims on February 14, 2022. On March 25, 2022, plaintiff filed a motion for default judgment pursuant to CPLR 3215 [a][b] against the defendant CAP Construction Services Corp. On April 27, 2022, plaintiff's counsel and counsel for defendant CAP stipulated to withdrawing the motion for default judgment and extending defendant CAP's time to answer to May 4, 2022. On May 4, 2022, issue was joined by defendant CAP interposing a verified answer with cross-claims. On May 5, 2022, defendant/third-party plaintiff filed a reply to those cross-claims.

On August 15, 2022, a preliminary conference was held, and a preliminary conference order was issued (NYSCEF # 30), which directed that the Note of Issue ("NOI") be filed on or before April 24, 2023. The order further set a filing deadline for summary judgment motions no later than 60 days after the filing of the NOI. On January 10, 2023, a compliance conference was held, and a compliance conference order was issued (NYSCEF # 68), which directed, *inter alia,* that the NOI be filed on or *before* February 2, 2024. [*emphasis added*]. Plaintiff e-filed the NOI and Certificate of Readiness and

[* 2]

*DENNY YNOA v. LIBERTY AVE RE 1, LLC, CAP CONSTRUCTION SERVICES CORP. et al,* Index No. 509267/2021

mailed a copy to opposing counsel on November 20, 2023, in full compliance with the preliminary conference order and compliance conference order. Any motions for summary judgment were due by January 19, 2024. Defendant/third-party plaintiff filed the instant motion for summary judgment on January 24, 2024, sixty-five days (65) after the filing of the NOI.

Discussion

Here, defendant-third party maintains that its motion for summary judgment is timely pursuant to CPLR 2103. CPLR 2103 [b][2] states, in relevant part: where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period. However, the deadlines for summary judgment are determined by the filing of the NOI, not the date of service. *See* CPLR 3212 [a]. 22 NYCRR 202.5-b[f][2][ii] governs the service of document by e-filing reads as follows:

> An e-filing party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically. Upon receipt of an interlocutory document, the NYSCEF site shall automatically transmit electronic notification to all e-mail service addresses in such action. Such notification shall provide the title of the document received, the date received, and the names of those appearing on the list of e-mail service addresses to whom that notification is being sent. Each party receiving the notification shall be responsible for accessing the NYSCEF site to obtain a copy of the document received. **Except as provided otherwise in subdivision (h)(2) of this section, the electronic transmission of the notification shall constitute service of the document on the e-mail service addresses identified therein**; however, such service will not be effective if the filing party learns that the notification did not reach the address of the person to be served. Proof of such service will be recorded on the NYSCEF site. A party may, however, utilize other service methods permitted by the CPLR provided that, if one of such other methods is used, proof of that service shall be filed electronically. **[emphasis added]**.

There is no dispute that the instant action was commenced as an e-file case and that defendant/third-party consented to participating in the e-filing system. Plaintiff e-filed the NOI. That plaintiff's counsel elected to mail a copy of the NOI to opposing counsel in addition to e-filing it, does not extend the deadline pursuant to CPLR 2103. *Woodward v Millbrook Ventures LLC,* 148 AD3d 658, 49 NYS3d 303 [1st Dept 2017]. Therefore, the electronic transmission of the NOI constituted valid service and the deadline to file a motion for summary judgment was January 19, 2024. Defendant/third-party's contentions that the NOI was improperly filed as premature are without merit in light of a Central Compliance Part order (NYSCEF # 108) denying its motion to strike the NOI on the grounds that plaintiff had provided all outstanding discovery.

Based on the foregoing, it is

ORDERED that Plaintiff's Order to Show Cause for an order denying Defendant/Third-Party Plaintiff's motion for summary judgment (MS# 6) is GRANTED; and it is further

3 of 4

*DENNY YNOA v. LIBERTY AVE RE 1, LLC, CAP CONSTRUCTION SERVICES CORP. et al,* Index No. 509267/2021

ORDERED that Defendant/Third-Party Plaintiff's motion for summary judgment (MS# 5) is DENIED as untimely; and it is further

ORDERED that all other requests for relief herein are DENIED.

This constitutes the decision and order of the court.

ENTER

Hon. Richard J. Montelione, J.S.C.

KINGS COUNTY CLERK
FILED
2025 JAN 13 A 10: 07

[* 4]